By the Court.—-Monell, J.
It was undoubtedly a mistake in assuming that Fitzpatrick was in attendance at the trial, and could have been called to contradict the plaintiff’s statement, that Mr. Kreckler was present when the interest was paid. It now appears that Fitzpatrick was not examined as a witness on the trial, and the affidavits state that he was not even in attendance.
But Kreckler and his wife were present at the trial and were examined as witnesses after the plaintiff had given his evidence. Mr. Kreckler testified that he was not with his wife when she paid the interest, and Mrs. Kreckler confirmed his statement, and added that it was Fitzpatrick, and not her husband, who was with her.
*390 It cannot "be said that a party is surprised by any evidence given on a trial, if he is prepared to fully meet and rebut it. That the defendants were prepared in this "case, is apparent from the fact that they did offer themselves as witnesses, and were examined and testified in rebuttal of the plaintiff’s testimony.
The evidence of Fitzpatrick, if he had been present, would have been to the same purpose, and therefore clearly cumulative.
This furnishes no reason for a new trial, and renders the misstatement of the fact of Fitzpatrick’s presence at the trial wholly immaterial.
This being the only ground for a re-argument of the appeal, the motion must be denied, with $10 costs.
Freedman and Curtis, JJ., concurred.